PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK M. KALAN, | ) | |
| | ) | CASE NO. 4:15cv789 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF CANFIELD, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Frank M. Kalan has filed this *in forma pauperis* civil rights action against the City of Canfield and Compass Family Services pursuant to 42 U.S.C. § 1983. Although his complaint is unclear, he alleges that his "civil rights as far as property ownership, voting and pursuit of happiness" have been violated, and that he has "endured hardships including homelessness, nutrition," and slander of his reputation and character, as a result of being declared incompetent by an Ohio probate court. Plaintiff demands "that retractions be made by the City of Canfield and Compass as to the slander of [his] name," as well as $10 million per year in damages.

Plaintiff filed a prior action in this Court under 42 U.S.C. § 1983, complaining that City officials wrongly "orchestrated" charges against him. *See Frank M. Kalan v. Colucci*, Case No. 4:13CV2492, 2014 WL 4066261 (N.D. Ohio Aug. 18, 2014). Plaintiff filed the prior action after he was charged with animal cruelty and after procedures were initiated in the Mahoning County Court of Common Pleas, Probate Division to have him declared incompetent. The Probate Court

(4:15cv789)

appointed Compass Family & Community Services as his legal guardian, a decision that Plaintiff appealed to the Ohio Court of Appeals.[1]

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted; however, his complaint is dismissed pursuant to 28 U.S.C. §1915(e).  Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to dismiss any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Moniz v. Hines*, 92 F. App'x 208, 210 (6th Cir. 2004).

Plaintiff's complaint on its face fails to state a claim on which relief may be granted against the defendants under 42 U.S.C. § 1983.  In order to state a § 1983 claim, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Kalan*, 2014 WL 4066261, at *2 (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Plaintiff's complaint, like his prior complaint, even liberally construed does not identify any discernible cognizable constitutional violation; nor does it allege facts indicating how, if at all, Defendants were involved in violating his rights.  A *pro se* plaintiff is required to meet basic pleading requirements, and a court is not required to conjure allegations on his behalf.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

---

[1] The Ohio Court of Appeals upheld the decision of the Probate Court.  *See In re Guardianship of Kalan*, No. 13 MA 46, 2014 WL 4672478 (Ohio App. 7th Dist. Sept. 18, 2014).

(4:15cv789)

The most that can be discerned from Plaintiff's unclear allegations is that he contends he has suffered damages as a result of being declared incompetent by the Mahoning County Probate Court. The Court, however, is without jurisdiction to review, or order a "retraction" of, any aspect of a decision of the Mahoning County Probate Court. See *Kalan*, 2014 WL 4066261, at *3 ("District Courts of the United States do not have jurisdiction to overturn state court decisions.").

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| August 28, 2015 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

3